[Crim. No. 36926. Second Dist., Div. Four. Apr. 30, 1980.]

In re ARTHUR G. ALLEN on Habeas Corpus.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Richard L. Walker, Deputy Attorneys General, for Respondent.

OPINION

FILES, P. J.—This habeas corpus proceeding arises from a petition filed by a prisoner who, following a plea of guilty to grand theft (Pen. Code § 487, subd. 1) had been sentenced by the superior court to serve one year in the county jail with credit for eighty-five days of presentence custody. ██ He alleged facts indicating that he was being confined illegally, in that the length of his confinement under that sentence should have been reduced further by an allowance of "good time and work time" credits based upon the 85 days of actual presentence custody. Petitioner has since been released from custody and to that extent the case is now moot. Nevertheless we have retained the proceeding in order to address what appears to be a misunderstanding by trial court judges with respect to their duty to compute credits under Penal Code section 2900.5.

The earliest version of that section, enacted by Statutes 1971, chapter 1732, provided that, in all felony convictions, all days of custody from

the date of arrest to the date on which the serving of the sentence commenced should be credited on the sentence. That statute did not specify whether the sentencing court or the prison authorities would determine the amount of credit to be allowed. To deal with that problem the Supreme Court in *In re Kapperman* (1974) 11 Cal.3d 542, 549 [114 Cal.Rptr. 97, 522 P.2d 657], recommended an informal procedure whereby the prisoner would fill out a questionnaire form, which would then be forwarded to the appropriate sheriff's office for confirmation of presentence time, following which a "ministerial adjustment" by the Adult Authority would reflect the presentence credit. As every appellate and trial judge who has sat on criminal cases since *Kapperman* knows, the courts have been deluged with petitions from prisoners who were not satisfied with this informal remedy.

A 1976 amendment to section 2900.5, effective January 1, 1977, made the section applicable to misdemeanor as well as felony convictions, and added subdivision (d) which provided: "It shall be the duty of the court imposing the sentence to determine the total number of days to be credited pursuant to the provisions of this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in section 1213." (Stats. 1976, ch. 1045, pp. 4665-4666.)

The Judicial Council implemented that amendment by adopting rule 252, California Rules of Court, effective January 1, 1977, which provides: "At the time of sentencing, the court shall cause to be recorded on the judgment or commitment the total time in custody to be credited upon the sentence under Penal Code Section 2900.5. Upon referral of the defendant to the probation officer for an investigation and report under Penal Code Section 1203(a) or 1203(f), or upon setting a date for sentencing in the absence of a referral, the court shall direct the sheriff, probation officer, or other appropriate person to report to the court and notify the defendant or defense counsel and prosecuting attorney within a reasonable time prior to the date set for sentencing as to the number of days that defendant has been in custody and for which he may be entitled to credit. Any challenges to the report shall be heard at the time of sentencing."

A 1978 amendment to subdivision (a) of section 2900.5, effective June 28, 1978, defined the credits as "including days credited to the period of confinement pursuant to Section 4019." The same act amended subdivision (d) to read as follows: "It shall be the duty of the court im-

posing the sentence to determine the date of admission to custody, the date of release from custody, and the total number of days to be credited pursuant to the provisions of this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213." (Stats. 1978, ch. 304.)

Penal Code section 4019 authorizes the allowance of conduct credits for prisoners serving a definite term in a county facility. Subdivision (a) provides: "The provisions of this section shall apply in all of the following cases: (1) When a prisoner is confined in or committed to a county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp, including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding."

The rate at which credits may be earned is stated in subdivisions (b) and (c) which now read: "(b) Subject to the provisions of subdivision (d), for each six-day period in which a prisoner is committed to a facility as specified in this section, one day shall be deducted from his period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(c) For each six-day period in which a prisoner is committed to a facility as specified in this section, one day shall be deducted from his period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp."

The language quoted above from subdivision (a) (1) establishes that the conduct credits shall be computed on the full period of custody commencing with the day of arrest. Subdivisions (b) and (c) require that the credits "shall be deducted...unless it appears by the record that the prisoner has refused to satisfactorily perform labor...[or] [¶]...has not satisfactorily complied with...reasonable rules...."

This language in subdivisions (b) and (c) make the allowance of credit mandatory unless some record is made showing loss of credit.

In the case before us the Sheriff of Los Angeles County filed a return to which was attached a statement of the sheriff's procedures in computing release dates. This statement includes the following: "Pre-sentence credits indicated on commitment orders, as per 2900.5 (d) P.C., will be deducted from the sentence. Our Department will assume such credits to include good time and work time credits, unless good time and work time credits are indicated separately and intended as additional deductions.

"If pre-sentence credits are not specifically indicated on the commitment order as prescribed by 2900.5 (d) P.C., it will be assumed that the judge accounted for them in deciding the sentence length. Thus, *no further* pre-sentence credits for time served or for good time or work time credits for time served will be deducted by our Department." (Italics in original.)

We believe that the sheriff is correct in expecting the sentencing court to compute the presentence credits, including the section 4019 credits for the presentence time. That appears to be the meaning of subdivision (d) of section 2900.5. The procedure described in rule 252, quoted *supra*, should result in a judicial determination made in open court, with the defendant present in person and with counsel. The chances of error under such circumstances should be minimal.

The Attorney General has called attention to the dictum in *People* v. *Macias* (1979) 93 Cal.App.3d 788, 792 [156 Cal.Rptr. 104], declaring that "Rule 252 makes it clear that the process of computing these credits is a ministerial act which may be delegated by the court to the sheriff, probation officer or 'other appropriate person.'" That statement is correct insofar as it refers to the process of investigating and reporting to the court prior to the pronouncement of sentence. But that language in *Macias* should not be read as indicating that the court might delegate to the sheriff the court's decision-making power. Rule 252 authorizes the court to call upon other officers to investigate and report, but section 2900.5 subdivision (d) requires the sentencing court to make a judicial determination of the amount of the credit after the defendant has had the opportunity to challenge the report.

There are at least two policy reasons which doubtless influenced the Legislature to give this responsibility to the court rather than to the sheriff. The first is that the sheriff may not have full information. His

records may not disclose all of the defendant's presentence confinement because some of the confinement may have been in a place not under the sheriff's control; and when a prisoner is held for more than one proceeding, the sheriff may not be able to attribute the credit to one or another. (See *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789].) The second reason is to avoid the chaotic situation which occurred after *Kapperman*, when so many prisoners petitioned the courts in the belief that their credits had not been computed properly by the custodial institutions. Section 2900.5, subdivision (d), and rule 252 must be interpreted as an orderly solution to the preexisting problem.

The credit required by section 4019 is a deduction of two days of each six-day period of the commitment. This means that for every four days of actual confinement the prisoner is entitled to credit for six days unless the record establishes a loss of credit for work or good conduct.

The number of days credited on the term should be approximately one and one-half times the number of days spent in actual confinement, whether the confinement is before or after the sentence. Therefore, in order to find the amount of credit to which petitioner here was entitled by reason of 85 days in jail between the day of arrest and the day of sentence, the trial court should have added 85 plus a half of 85 for a total of 127 days.

Finally, it should be pointed out that the views expressed in this opinion relate only to the credits authorized by Penal Code section 4019 for a person committed to a county facility for a fixed term. We are aware that several cases are pending before the Supreme Court involving the theory and procedure of allowing conduct credits on presentence confinement for persons serving a term in state prison. Here we express no opinion on that subject.

The petition filed in this court on January 21, 1980, is dismissed.

Kingsley, J., and Woods, J., concurred.