[Crim. No. 41309. Second Dist., Div. Five. Aug. 16, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
DAMON ANDRE TWINE, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Nancy Ann Stoner, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney Gener-

al, William Pounders and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—Pursuant to a plea bargain, appellant pleaded guilty to robbery and simple kidnaping, and he admitted using a firearm. He was sentenced to a term of seven years in the state prison. His appeal does not challenge the validity of his guilty plea, but rather the court's calculation of credits on his sentence pursuant to Penal Code section 2900.5.

The trial court granted appellant credit for 177 days of time in custody plus 88 days for conduct credits. The figure of 177 days corresponds to the days in custody between appellant's arraignment on April 21, 1981, and his sentencing on October 15, 1981.

Appellant contends that he was in custody attributable to the present charges since February 20, 1981, and that therefore his credits should be 237 days for time in custody plus 118 days for conduct credits.[1]

Appellant was originally charged with the same incident (the robbery and kidnaping of victim Johnny R. Brown on Feb. 20, 1981) in juvenile court in a petition filed under Welfare and Institutions Code section 602 on February 24, 1981. While the juvenile proceedings were pending, the juvenile court ordered appellant detained in juvenile hall. On March 16, 1981, the juvenile court found that appellant was not a fit and proper subject to be dealt with under the Juvenile Court Law, and the court referred the matter to the district attorney for prosecution under general law, with appellant to be detained at juvenile hall pending transportation to and from adult court.

In fact, the sentencing court found that appellant was arrested on February 20, 1981, and had been in custody until the date of sentencing, October 15, 1981. Since appellant's confinement in custody from February 20, 1981, was "attributable to proceedings related to the same

---

[1] Actually appellant requests 119 days for conduct credits, but where the total days in custody is an odd number, it is not appropriate to round upwards in determining conduct credits. (See *In re Allen* (1980) 105 Cal.App.3d 310, 315 [164 Cal.Rptr. 319].)

conduct for which the defendant has been convicted" (Pen. Code, § 2900.5, subd. (b)), he should have been given credit for time in custody from February 20, 1981. (*People* v. *Penner* (1980) 111 Cal.App.3d 168, 170-171 [168 Cal.Rptr. 431].)[2]

The People contend that appellant's juvenile custody was not attributable to the conduct involved in the present proceedings, because the juvenile court's minute order of March 20, 1981, recites that appellant "is presently a ward of the Juvenile court under a Suitable Placement Order . . . ." There is no merit to this contention. Suitable placement is a living arrangement in which a minor may enjoy normal personal liberty. (Welf. & Inst. Code, § 727.) It is not analogous to being in prison under a prior prison sentence. (*People* v. *Penner, supra*, at pp. 171-172.) The record as augmented shows that appellant lost his liberty when he was arrested on February 20, 1981, and confined in juvenile hall for the same incident involved in these proceedings, and he is therefore entitled to credit. (*Ibid.*)

Appellant is entitled to credit for his actual days in custody in juvenile hall because the 1978 amendment to Penal Code section 2900.5 specifically added "juvenile detention facility" to the list of places of confinement in that section. "The point of the amendment may have simply been to insure that a minor who is ultimately tried as an adult is given credit for all time in custody prior to sentence, whether that time was spent in a jail or in a juvenile detention facility." (*In re Eric J.* (1979) 25 Cal.3d 522, 535 [159 Cal.Rptr. 317, 601 P.2d 549].)

Appellant is also entitled to conduct credits for that period of custody. Appellant has been sentenced to state prison from an adult court conviction. We deal here with his right to conduct credits on his prison sentence for his period of *presentence detention* in juvenile hall. ■■■■ Therefore this case is not like recent cases denying conduct credits in the context of a juvenile *disposition*. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 185-190 [178 Cal.Rptr. 324, 636 P.2d 13]; *People* v. *Austin* (1981) 30 Cal.3d 155, 161-166 [178 Cal.Rptr. 312, 636 P.2d 1]; *In re Edward S.* (1982) 133 Cal.App.3d 154, 158 [183 Cal.Rptr. 733]; *People* v. *Reynolds* (1981) 116 Cal.App.3d 141, 144-

---

[2]The reporter's transcript of the sentencing hearing does not disclose any discussion of this issue or a deliberate decision by the trial judge to deny credit for the February 20 to April 21 period. All the court said was: "Defendant was arrested February 20, 1981, and has been in custody until today's date. *That is 177 days.*" (Italics added.)

148 [171 Cal.Rptr. 461].)[3] Rather, this case is closely analogous to *People* v. *Sage* (1980) 26 Cal.3d 498, 501-502 [165 Cal.Rptr. 280, 611 P.2d 874], in which the court held that the defendant sentenced to state prison was entitled to conduct credits for his presentence detention in county jail although he was not entitled to conduct credits for a period of postconviction commitment to a state hospital as a mentally disordered sex offender. The Supreme Court held that although the language of Penal Code section 4019 relating to conduct credits did not specifically cover a presentence detainee eventually sentenced to state prison, it was necessary to allow such credits in order to prevent a disparity with a defendant who was not detained pretrial but who could earn behavior credits on his full sentence pursuant to Penal Code section 2931. (*Id.*, at pp. 507-508. See *In re Ricky H., supra*, 30 Cal.3d at pp. 179-180, fn. 1, 189.) Likewise here, if appellant could not earn conduct credits for his period of presentence detention in juvenile hall, he would wind up serving more total time in custody than a defendant sentenced to state prison who was not detained pretrial. The passage quoted from *In re Eric J., supra*, 25 Cal.3d 522, indicates the Legislature intended that persons originally detained as juveniles but subsequently tried as adults should be given the same consideration as persons originally arrested as adults. Under Penal Code section 4019 as interpreted in *People* v. *Sage*, we hold a defendant sentenced to state prison is entitled to conduct credits for a period of presentence detention in a juvenile detention facility.[4]

---

[3]A minor committed to the Youth Authority from juvenile court is not entitled to conduct credits for presentence custody in juvenile hall, because conduct credits are inconsistent with the essentially indeterminate nature of a Youth Authority commitment. (*In re Ricky H., supra*, 30 Cal.3d at pp. 186-190; *In re Edward S., supra*, 133 Cal. App.3d 154.) The same reasoning prevents awarding conduct credits for presentence confinement to a youthful offender committed to the Youth Authority from adult court. (*People* v. *Austin, supra*, 30 Cal.3d at pp. 164-166.) For similar reasons, a person sentenced to state prison following an unsuccessful *commitment* to the Youth Authority is not entitled to conduct credits for the period under Youth Authority control, since the Youth Authority had alternative procedures for reducing his period of confinement to reward good conduct. (*People* v. *Reynolds, supra*, 116 Cal.App.3d 141.)

[4]Welfare and Institutions Code section 707.1 provides that when a minor is declared not a fit and proper subject to be dealt with under the Juvenile Court Law and the case thereafter proceeds as an adult case, the minor, if detained, shall remain in the juvenile hall pending final disposition by the criminal court, unless the juvenile court specifically orders the minor delivered to the custody of the sheriff upon a finding that the presence of the minor in the juvenile hall would endanger the safety of the public or be detrimental to the other inmates detained in juvenile hall. If conduct credits could be earned only for presentence detention in the county jail, but not in juvenile hall, a minor might be encouraged to commit violent acts against other minors in juvenile hall, in order to be transferred to county jail.

The judgment is modified to provide that defendant is to be given credit for 355 days in custody including 118 days' good time/work time. As so modified, the judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.