[No. C004293. Third Dist. June 13, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID G. SMITH, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Facts Pertinent to Part I and part I of the Discussion.

**COUNSEL**

Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jane Kirkland and Jane L. Lamborn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARLER, J.—Charged with possession of cocaine for sale (Health & Saf. Code, § 11351.5) and a prior conviction for a drug related offense (Health & Saf. Code, § 11370.2), defendant was found guilty by a jury of the possession offense and admitted the prior conviction. He was sentenced to the middle term of four years for the possession and a consecutive term of three years for the prior conviction enhancement. In addition, defendant's probation on the prior offense was revoked and he received a concurrent four-year term. He appeals claiming violation of double jeopardy as to the prior conviction enhancement and denial of one day of presentence credit. We modify the judgment and affirm.

FACTS PERTINENT TO PART I*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

FACTS PERTINENT TO PARTS II AND III

At sentencing, defendant was given 315 days of presentence credit on the term for the current offense. He received credit for the day of arrest but not the day of sentencing. On the concurrent term for the prior conviction, defendant received presentence credit for seven months spent in county jail as a condition of probation.

DISCUSSION

I.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II.

■   Defendant next contends the court erred in not giving presentence credit for the day of sentencing. He received credit from the day of arrest, September 14, 1987, up to but not including the day of sentencing, April 11, 1988, for a total of 210 days. In addition, he received 105 days of conduct credit. The People concede entitlement to presentence credit for the day of sentencing.

---

*See footnote, *ante*, page 523.

"In all felony and misdemeanor convictions, . . . when the defendant has been in custody, . . . all days of custody of the defendant . . . shall be credited upon his term of imprisonment, . . ." (Pen. Code, § 2900.5, subd. (a); further statutory references are to the Penal Code.) The sentencing court is obligated to "*determine the date or dates of any admission to and release from custody prior to sentencing, and the total number of days to be credited pursuant to the provisions of this section.*" (§ 2900.5, subd. (d).)

A defendant who remains in custody between conviction and sentencing will have spent part of the day of sentencing in custody prior to actual sentencing. The question then is whether the sentencing court is obligated to award presentence credit for this partial day. We conclude it is.

■ Since section 2900.5 speaks in terms of "days" instead of "hours," it is presumed the Legislature intended to treat any partial day as a whole day. (*In re Jackson* (1986) 182 Cal.App.3d 439, 441-443 [227 Cal.Rptr. 303]; see also *People* v. *Scroggins* (1987) 191 Cal.App.3d 502, 508 [236 Cal.Rptr. 569].) ■ " '[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted. . . .' (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 [. . .].)" (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].) ■ "The law takes no notice of fractions of a day. Any fraction of a day is deemed a day . . . ." (*Municipal Imp. Co.* v. *Thompson* (1927) 201 Cal. 629, 632 [258 P. 955].) ■ Had the intent been otherwise, the Legislature could easily have provided for credit on the basis of 24-hour periods instead of days.

This is consistent with other provisions of the Penal Code relating to sentencing and credit. Section 2900, subdivision (a) provides: "The term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant into the custody of the Director of Corrections at the place designated by the Director of Corrections . . . ." In effect, the defendant does not begin to accrue credits with the Department of Corrections in connection with his sentence until he is actually delivered into the department's custody. In the interim, credits are awarded by virtue of section 2900.5, subdivision (e) which provides: "It shall be the duty of any agency to which a person is committed to apply the credit provided for in this section for the period *between* the date of sentencing and the date the person is delivered to such agency." (Italics added.)[2]

---

[2] Any suggestion this language indicates the agency to which the person is committed is responsible for awarding credit for the day of sentencing, because of the partial day of custody following sentencing, is belied by use of the term "dates" in the subdivision. It is only the period between the *date* of sentencing and the *date* of delivery which is included. This is contrasted with the language of section 2900.5, subdivision (d), which requires the court to

Read together, these sections establish a scheme requiring the sentencing court to award credits for all days in custody up to and including the day of sentencing (§ 2900.5, subd. (a)) and the Department of Corrections to award credits from the day after sentencing to the day before delivery to the department (§ 2900.5, subd. (e)) and all days thereafter (§ 2900). Thus, the court erred in not awarding credit for the day of sentencing.

## III.

■ Defendant also contends he is entitled to an extra day of conduct credit, for total credits of 317, which he calculates by dividing the number of days of custody, 211, by 2, rounding up, and adding this figure, 106, to days actually served, thus totalling 317. While this is a common method of calculating credits (see, e.g., *People* v. *Twine* (1982) 135 Cal.App.3d 59, 61, fn. 1 [185 Cal.Rptr. 85]; *People* v. *Collins* (1981) 123 Cal.App.3d 535, 540 [176 Cal.Rptr. 696]; *In re Allen* (1980) 105 Cal.App.3d 310, 315 [164 Cal.Rptr. 319]), it does not conform with the statute and is unauthorized by law. It is proper only when the number of days actually served is divisible by four.

As we recently explained: "Penal Code section 4019, specifies how prisoners may obtain certain credits. Subdivisions (b) and (c) of that section provide: 'for each *six-day period* in which a prisoner is confined in or committed to a specified facility' one day shall be deducted from his period of confinement for performing labors, and one day shall be deducted for compliance with the rules and regulations of the facility. Subdivision (f) of that section provides 'if all days are earned under this section, a term of six days will be deemed to have been served for every *four days spent in actual custody.'* (Italics added.)" (*People* v. *Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707].)

Credits are given in increments of four days. No credit is awarded for anything less. Here defendant was in actual custody 211 days. This is equivalent to fifty-two sets of four days, with three extra. For these 52 sets, defendant is entitled to 104 days of conduct credit—52 for labor and 52 for compliance with rules and regulations. He is entitled to no additional credits for the extra three days. The trial court erred in awarding 105 days of conduct credits. Defendant was only entitled to 104 days. Under the statutory scheme, "rounding up" is not permitted.

---

award credits for the period "prior to sentencing." The court awards credit for the period prior to the time of sentencing while the agency awards credit for the period following the *date* of sentencing.

## DISPOSITION

The judgment is modified to give defendant credit for an additional day of presentence custody, for a total of 211 days, but to subtract a day of conduct credit, for a total of 104 days. The trial court is directed to amend the abstract of judgment accordingly and to forward a copy thereof to the Department of Corrections. As modified, the judgment is affirmed.

Evans, Acting P. J., and Scotland, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 28, 1989.