[No. B034789. Second Dist., Div. Seven. Apr. 16, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTIN ARIAGA BRAVO, Defendant and Appellant.

**COUNSEL**

Robert F. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edwart T. Fogel, Jr., Assistant Attorney General, Richard L. Walker and Noreen F. Berra, Deputy Attorneys General. for Plaintiff and Respondent.

## Opinion

**JOHNSON, J.**—Defendant Martin Ariaga Bravo appeals from his conviction for burglary. The sole issue on appeal is whether the trial court correctly calculated the number of presentence custody credits pursuant to Penal Code section 4019.[1]

The Courts of Appeal are presently in conflict on the calculation of presentence conduct credits. (Cf. *In re Allen* (1980) 105 Cal.App.3d 310 [164 Cal.Rptr. 319]; viz. *People* v. *Smith* (1989) 211 Cal.App.3d 523 [259 Cal.Rptr. 515].) We conclude the proper method of calculation is that adopted by the *Smith* court. This method provides that if a defendant qualifies for both good time and work time presentence credits, these credits are calculated by dividing the number of actual presentence custody days by four and then multiplying this number by two (one day for good time and one day for work time). There is no credit given for days remaining after dividing by four.

Using this method of calculation, we conclude appellant is not entitled to additional conduct credits. However, appellant is entitled to an additional three days of actual custody credit. The judgment is therefore modified to reflect these additional credits.

### Facts and Proceedings Below

Appellant was charged in an information with one count of burglary (§ 459). Appellant was offered bail, but did not make bail and remained in custody from the date of his arrest on October 20, 1987. A jury found appellant guilty and he was sentenced to the midterm of four years on March 25, 1988. The trial court awarded appellant 155 days actual custody credit and 78 days conduct credit.

### Discussion

### I. The Record Is Sufficient to Determine Appellant Was in Actual Custody From the Time of Arrest to Sentencing.

Respondent does not address the merits of the case, asserting the record is insufficient to establish appellant was in actual custody from the time of his arrest, October 20, 1987, to the time of sentencing, March 25, 1988. We disagree.

---

[1] All future statutory references are to the Penal Code unless we specify otherwise.

It is uncontroverted appellant was arrested on October 20, 1987, and was sentenced on March 25, 1988. The record on appeal contains all of the minute orders. None of these orders indicate posting or rescission of bail. In addition, the record affirmatively reflects appellant was remanded into custody after every court appearance. Further, appellant's probation report makes no reference to bail.

Finally, respondent concedes appellant was entitled to 155 days of actual custody credit, while appellant claims 158 days. Since the discrepancy consists of three days, it appears very unlikely appellant was admitted and revoked from bail in this short of a period. As previously noted, there is no indication of posting or rescinding of bail in the probation report. Therefore, we conclude the record is sufficient to establish appellant was incarcerated for the entire interim from October 20, 1987, to March 25, 1988. Since respondent failed to address the merits, we are independently required to research the issue.

II. PRESENTENCE CONDUCT CREDITS ARE CALCULATED ACCORDING TO THE FORMULA SET FORTH IN PEOPLE V. SMITH.

Appellant argues he is entitled to an additional four days of presentence custody credit pursuant to section 4019. We disagree.

■ When an appeal involves the scope and application of a statute we are not bound by the trial court's determination. (*Southern California Edison Co.* v. *State Board of Equalization* (1972) 7 Cal.3d 652, 659, fn. 8 [102 Cal.Rptr. 766, 498 P.2d 1014].) Appellate statutory review is therefore de novo.

■ When a statute is theoretically capable of more than one construction, we choose that construction which most comports with the Legislature's intent. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836]; *Green* v. *Bristol-Myers Co.* (1988) 206 Cal.App.3d 604, 608 [253 Cal.Rptr. 745].) Further, the statutory language must be construed in the context of the entire statute keeping in mind the nature and obvious purpose of the statute. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

■ Section 4019 sets forth the method of calculating presentence custody credit, inter alia, "[w]hen a prisoner is confined in a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp following arrest and prior to the imposition of sentence for a felony

conviction." (§ 4019, subd. (a) (4).)[2] Subdivision (b) provides: "for each six-day period in which a prisoner is confined in or committed . . . one day shall be deducted from his or her period of confinement unless . . . the prisoner has refused to satisfactorily perform labor . . . ." (§ 4019, subd. (b).) Similarly, subdivision (c) provides: "For each six-day period in which a prisoner is confined in or committed . . . one day shall be deducted from his or her period of confinement unless . . . the prisoner has not satisfactorily complied with the reasonable rules and regulations . . . ." (§ 4019, subd. (c).) Subdivision (f) provides: "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (§ 4019, subd. (f).)

The method of calculation pursuant to subdivisions (b) and (c) was first addressed by the court in *In re Allen, supra,* 105 Cal.App.3d 310. There, the defendant argued he was confined illegally because his length of confinement should have been reduced an additional amount for presentence good time and work time. The trial court, while awarding the defendant 85 days of actual presentence custody credit, failed to award good time/work time credit pursuant to section 4019.

The *Allen* court held the defendant was entitled to additional credit "for every four days of actual confinement the prisoner is entitled to credit for six days . . . ." (105 Cal.App.3d at p. 315.) Thus, the defendant was awarded an additional 42 days of presentence credit.

In awarding the additional credits, the *Allen* court observed "[t]he number of days credited . . . should be *approximately* one and one-half times the number of days spent in actual confinement, . . ." when calculating presentence good time/work time credits. (105 Cal.App.3d at p. 315, italics added.) Since *Allen,* courts have focused upon this shorthand method of calculating credits. Thus, courts automatically multiply the actual presentence custody days by one and one-half to calculate the good time/work time credits. (See, e.g., *People* v. *Moore* (1989) 211 Cal.App.3d 1400, 1420 [260 Cal.Rptr. 134]; *People* v. *Levitt* (1984) 156 Cal.App.3d 500, 519 [203 Cal.Rptr. 276]; *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 579 [199 Cal.Rptr. 796]; *People* v. *Twine* (1982) 135 Cal.App.3d 59, 61, fn. 1 [185 Cal.Rptr. 85]; *People* v. *Collins* (1981) 123 Cal.App.3d 535, 539 [176 Cal.Rptr. 696].)

---

[2] In supplemental briefing, appellant erroneously argues section 4019 does not apply to a defendant awaiting sentencing on a felony matter. Appellant mistakenly relies upon the Supreme Court decision in *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874], which stated section 4019 did not apply to a felon confined to jail awaiting trial. However, the Legislature subsequently amended section 4019 to include defendants awaiting trial and sentencing on a felony count. (Stats. 1982, ch. 1234, § 7, p. 4553; see *People* v. *Duesler* (1988) 203 Cal.App.3d 273, 275 [249 Cal.Rptr. 775].)

Subsequent to *Allen*, the Legislature added subdivision (f) to section 4019 which provides: "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (§ 4019, subd. (f).)

Recently in *People* v. *Smith, supra*, the court reconsidered the calculation of presentence custody credits.[3] In *Smith*, the trial court awarded the defendant 210 days of actual custody credit and 105 days of conduct credit. On appeal, defendant contended he was entitled to an extra day of conduct credit.

The *Smith* court rejected the cases following *Allen*. Relying in part on the language of subdivision (f), the court explained the mechanical interpretation of *Allen* "does not conform with the statute [§ 4019] and is unauthorized by law. It is proper [multiplying by one and one-half] only when the number of days actually served is divisible by four. [¶] Credits are given in increments of four days. No credit is awarded for anything less." (*People* v. *Smith, supra*, 211 Cal.App.3d at p. 527.)

The *Smith* interpretation of section 4019 is consistent with the plain language of the statute and the legislative intent as reflected in subdivision (f). Our review of the legislative history confirms "[the] [s]tate legislative intent that a person will be credited with six days confinement time in a local facility for every four days spent in actual custody."[4] (Assem. Office of Research Dig.; Legal Affairs Enrolled Bill Rep.) Thus, it is clear the Legislature incorporated subdivision (f) as evidence of their intent and not as a mere illustration of how subdivision (f) may be applied.

It is important to note those cases which have adopted the one and one-half rule offer no rationale for this method of calculation nor can we think of one. (See, e.g., *People* v. *Moore, supra*, 211 Cal.App.3d at p. 1420; *People* v. *Levitt, supra*, 156 Cal.App.3d at p. 519; *People* v. *Dunnahoo, supra*, 152 Cal.App.3d at p. 579; *People* v. *Twine, supra*, 135 Cal.App.3d at p. 61, fn. 1; *People* v. *Collins, supra*, 123 Cal.App.3d at p. 539.) It appears this erroneous method resulted from the misplaced reliance upon language in *Allen* which merely noted that the credits in that case were approximately equal to one-half the custody credits rather than the holding in *Allen* that "for every four days of actual confinement the prisoner is entitled to credit for six . . . ." (*In re Allen, supra*, 105 Cal.App.3d at p. 315.) Indeed, the number of credits awarded in *Allen* is consistent with the method of calculation adopted in *Smith*.

---

[3] We commend the appellant for noting *People* v. *Smith* is contrary to his position.

[4] We have taken judicial notice of section 4019's legislative history pursuant to Evidence Code sections 452 and 459.

In sum, we would violate the clear language of the statute and the Legislature's intent by mechanically multiplying the amount of actual days by one and one-half. Instead we adopt the method of calculation set forth in *Smith*. We must now determine the number of presentence credits to which appellant is entitled.

### III. APPELLANT IS ENTITLED TO AN ADDITIONAL THREE CUSTODY CREDITS.

Appellant argues he is entitled to an additional three days for actual presentence custody credit and an additional one day for presentence good time/work time conduct credit. We agree appellant is entitled to three additional days of custody credit but he is not entitled to any additional good time/work time conduct credit.

■ It is presumed the Legislature intended to treat any partial day as a whole day. (*In re Jackson* (1986) 182 Cal.App.3d 439, 442-443 [227 Cal.Rptr. 303].) Conduct credits shall be computed on the full period of custody commencing with the day of arrest. (*In re Allen, supra*, 105 Cal.App.3d at p. 313.) Therefore, a sentencing court must award credits for all days in custody up to and including the day of sentencing. (*People* v. *Smith, supra*, 211 Cal.App.3d at p. 527.)

Since appellant was arrested October 20, 1987, and sentenced March 25, 1988, he is entitled to 158 days of actual custody credit, accounting for all days in between and including the day of arrest and sentencing. Therefore, appellant merits three additional actual custody credits.

■ However, applying the *Smith* method of calculation for good time/work time credit, we conclude appellant is not entitled to any additional conduct credit. Taking appellant's 158 days of actual custody credit, and dividing it by 4, the sum equals 39 remainder 2. We then multiply 39 by 2, entitling the appellant to 78 custody credits which is what he was awarded by the trial court under the *Allen* method. Nothing should be awarded for the two remaining days since they have not met the minimum four-day multiple in order to qualify for conduct credits.

### DISPOSITION

The judgment is modified to give appellant an additional three days of actual custody credit, for a total of one hundred fifty-eight days. The trial

court is directed to amend the abstract of judgment accordingly and to forward a copy to the Department of Corrections. As modified, the judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.