*848
 
 Opinion
 

 TIMLIN, J.
 

 Defendant was charged with one count of discharging a firearm at an inhabited dwelling (Pen. Code, § 246),
 
 [1]
 
 with the added allegation that he had personally used a firearm within the meaning of section 1192.7, subdivision (c)(8), and one count of possession of a firearm by a felon (§ 12021). It was alleged that defendant had suffered one prior felony conviction within the meaning of section 667 and two prior felony convictions and service of separate prison terms within the meaning of section 667.5, subdivision (b). During the jury trial, defendant changed his plea to guilty as to counts 1 and 2 and admitted the three prior convictions. He was then sentenced to a term of 8 years and 8 months with credit for 146 days in actual presentence custody and 72 days presentence conduct credit. He contends that he is entitled to credit for one additional day in presentence custody as well as one additional day of presentence conduct credit.
 

 Discussion
 

 1.
 
 Presentence Custody Credit:
 

 Defendant was arrested on August 16, 1990, and sentenced on January 9,1991. The People concede pursuant to section 2900.5 that defendant should have been given credit for 147 days of presentence custody because the day of sentencing should have been counted even though it was necessarily a partial day.
 
 (People
 
 v.
 
 Smith
 
 (1989) 211 Cal.App.3d 523 [259 Cal.Rptr. 515].) We agree.
 

 2.
 
 Conduct Credit:
 

 Defendant also contends that he is entitled to an extra day of conduct credit pursuant to section 4019. Under this section for each 6-day period of confinement, 1 day is deducted for work credit and 1 day is deducted for compliance with the facility’s rules and regulations. (§ 4019, subds. (b) & (c).)
 

 Beginning with the decision of
 
 In re Allen
 
 (1980) 105 Cal.App.3d 310 [164 Cal.Rptr. 319], several courts have approximated the appropriate conduct credit by multiplying the actual custody days by 1.5. Using this method of calculation, defendant would be entitled to 73 days for conduct credit. Recently, appellate courts have rejected this method of computation as not being in conformance with the statute and unauthorized by law.
 
 (People
 
 v.
 
 Smith, supra,
 
 211 Cal.App.3d 523, 527;
 
 People
 
 v.
 
 Bravo
 
 (1990) 219 Cal.App.3d 729 [268 Cal.Rptr. 486].) The
 
 Bravo
 
 decision noted that
 
 *849
 
 subsequent to
 
 Allen,
 
 the Legislature added subdivision (f) to section 4019 which provides that “if all days are earned under this section, a term of six days will be deemed to have been served for every 4 days spent in actual custody.” (§ 4019, subd. (f).) Thus,
 
 Smith
 
 and
 
 Bravo
 
 held that credits are to be given in increments of 4 days and no credit is given for anything less. (See also
 
 People
 
 v.
 
 Bobb
 
 (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707].)
 

 We note that there are several cases which have applied the
 
 Allen
 
 method of calculation even after the 1982 amendment adding subdivision (f) to section 4019.
 
 (People
 
 v.
 
 Moore
 
 (1989) 211 Cal.App.3d 1400, 1420 [260 Cal.Rptr. 134];
 
 People
 
 v.
 
 Levitt
 
 (1984) 156 Cal.App.3d 500, 519 [203 Cal.Rptr. 276];
 
 People
 
 v.
 
 Dunnahoo
 
 (1984) 152 Cal.App.3d 561, 579 [199 Cal.Rptr. 796].) However, in none of these cases was there any discussion of the proper method for calculating conduct credits and, certainly, no rationale was offered to justify using the “one and one-half rule.”
 
 (People
 
 v.
 
 Bravo, supra,
 
 219 Cal.App.3d at p. 734.) Even the
 
 Allen
 
 court recognized that multiplying the number of days in custody by 1.5 would only approximate the number of conduct credit days to which a defendant is entitled. Multiplying by 1.5 is proper only when the number of custody days is divisible by 4.
 
 (Smith, supra,
 
 211 Cal.App.3d at p. 527.)
 

 Thus, we adopt the method of calculating conduct credits used in
 
 Smith
 
 because we conclude that this method will produce a result which is in precise compliance with the statutory requirements and the legislative intent as reflected in section 4019, subdivision (f).
 
 (Bravo, supra,
 
 219 Cal.App.3d at p. 734.) Using this approach, defendant’s 147 days of actual custody is divided by 4 which equals 36 sets of 4 days each with 3 days left over. For these 36 sets of 4 days, defendant is entitled to 2 days of credit, or 72 days. This is the exact number of days defendant was awarded by the trial court.
 

 Disposition
 

 The judgment is modified to give defendant credit for an additional day of presentence custody, for a total of 147 days. The trial court is directed to amend the abstract of judgment accordingly and to forward a copy thereof to the Department of Corrections. As modified, the judgment is affirmed.
 

 Ramirez, R J., and Hollenhorst, J., concurred.
 

 [1]
 

 All further statutory references are to the Penal Code unless otherwise indicated.