Filed 9/5/14  P. v. Moore CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DUAL ESCO MOORE,<br><br>    Defendant and Appellant. | F065440<br><br>(Super. Ct. No. F12901227)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James Petrucelli, Judge.

Donna J. Hooper, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Detjen, J., and Franson, J.

## INTRODUCTION

Appellant, Dual Esco Moore, was convicted on June 4, 2012, at the conclusion of a jury trial of attempted second degree robbery (Pen. Code, §§ 211 & 664, count 1)[1] and acquitted of second degree commercial burglary (§§ 459 & 460, count 2). In a bifurcated proceeding, appellant waived his right to a trial and admitted a prior prison term enhancement (§ 667.5, subd. (b)). On July 2, 2012, the trial court sentenced appellant to prison for two years plus a consecutive term of one year for the prior prison term enhancement. Appellant received actual custody credits of 49 days and conduct credits of 7 days, for total custody credits of 56 days.

Appellant contends the trial court erred in failing to instruct the jury on self-defense. Appellant also argues that the trial court erred in limiting his conduct credits pursuant to section 2933.1 rather than awarding him two days of custody credits for every two days he was in jail pursuant to section 4019. We order a correction be made to appellant's conduct credits but otherwise affirm the judgment.

## FACTS

Christopher Montoya was working on February 18, 2012, as a loss prevention agent at the CVS pharmacy at Shields and West in Fresno, California. One of Montoya's duties was to prevent shoplifting. Montoya saw appellant in the store with two others. Appellant had a backpack and was standing by the photo kiosk in the front of the store. It is against store policy to stay in the store with a backpack unless it is left at the register. Appellant left the store with the backpack for a few minutes and then returned still wearing the backpack. The other two men were still in the store.

Appellant made his way to the liquor aisle. Montoya was watching appellant. A video monitor recorded appellant taking three bottles of vodka. The video recording was

---

[1]     All statutory references are to the Penal Code.

2

played for the jury. Montoya saw appellant place the bottles of vodka into his backpack from the pharmacy, an aisle over from the liquor aisle. Appellant walked past the line of patrons at the cash register and proceeded past the final point of sale without paying for the liquor. Appellant still had his backpack with him.

Montoya confronted appellant past where the cashiers were near the front doors. Montoya was wearing a security badge around his neck and identified himself to appellant as a loss prevention officer. Montoya asked appellant if they could talk. Appellant was holding the backpack, not wearing it. Appellant responded by grabbing Montoya's arm and shoving Montoya away. Appellant pushed Montoya hard enough that he lost his balance. Montoya grabbed hold of appellant from the back with both hands so he could detain him and also to keep himself from falling.

From their momentum, appellant and Montoya barreled out the front door and fell to the ground in front of the parking lot. Montoya said appellant did not have the backpack with him. Montoya did not remember where the backpack was dropped. Montoya was still behind appellant when they fell. Montoya fell on top of appellant's back and held his arms. Montoya was not striking appellant. Appellant was attempting to elbow and kick Montoya. Montoya told appellant to stop resisting. Montoya was holding onto appellant's arms trying not to get hurt.

A bystander came over and tried to hold appellant's leg down to keep him from kicking Montoya. An officer arrived and handcuffed appellant. Montoya estimated that he was on the ground one or two minutes with appellant before the officer arrived. During the altercation appellant told Montoya to get off of him. Appellant was trying to get away.

Fresno Police Officer Daniel Astacio was dispatched to CVS pharmacy on February 18, 2012. Astacio received the dispatch while he was waiting in his patrol car at the intersection of Shields and West, the very location of the CVS pharmacy. Astacio

3

pulled into the parking lot and saw the loss prevention officer fighting with appellant. Montoya and appellant were both on the ground. Appellant was hitting Montoya with his fists. Montoya had handcuffs in his hands. Astacio handcuffed appellant and placed him in the back of his patrol car. Astacio remembered seeing appellant lying on his back. Astacio did not see Montoya punch appellant.

Appellant testified that he and some friends went to CVS to cash a money gram. Appellant went back to the car to get information about the money gram and came back into the store and talked to his friends. Appellant went to the alcohol aisle and took some alcohol. Appellant said his friends were already in line getting the money from the money gram. As appellant walked toward them, a loss prevention guard was coming out a door where the manager's office and bathroom were located and was moving really fast.

Appellant said he knew he was in trouble, so he ran out of the store. Appellant denied grabbing or touching Montoya. Appellant said Montoya grabbed his backpack inside the store. As appellant tried to run away, Montoya grabbed him very tight around his waist. Appellant fell down and cried for help from his friends because Montoya was hurting him. According to appellant, Montoya was pulling his dreadlocks while appellant was still trying to get away from Montoya.

Appellant explained that Montoya could not place handcuffs on him because Montoya was giving appellant a bear hug. Appellant said he was on his stomach the whole time, not on his back. Montoya had appellant's arms and the bystander was holding appellant's feet when the police officer arrived and apprehended appellant. Appellant claimed that Montoya continued to roughhouse him. Appellant denied ever fighting with Montoya. Appellant admitted he had more than one prior felony conviction for theft.

4

Appellant described his backpack as his purse. Appellant said he does not steal and uses cash to pay for things like alcohol. Appellant admitted, however, it was him in the video "stealing the bottles of vodka." Appellant denied entering the store to steal anything, but "it just all happened." Appellant admitted he took the alcohol for a party that evening and should have paid for it, but he stole it. Appellant did not care about the liquor when he saw Montoya. He just cared about escaping and his freedom.

## SELF-DEFENSE INSTRUCTION

Appellant contends the trial court erred in failing to give the jury an instruction sua sponte on self-defense because of his own testimony that he did not touch Montoya. Appellant argues that the only force he used was to get away and prevent injury to his person. Respondent replies that appellant did not present a theory consistent with self-defense, self-defense is not an available theory on a robbery charge, and self-defense is also unavailable when one is lawfully arrested. We reject appellant's argument.

The trial court has a duty to instruct the jury sua sponte on general principles of law applicable to the case which are closely and openly connected with the facts before the court. The trial court has a sua sponte duty to instruct on the defendant's theory of the case, including instructions on defenses that the defendant is relying upon, or if there is substantial evidence that supports the defense and the defense is not inconsistent with the defendant's theory of the case. (*People v. Gutierrez* (2009) 45 Cal.4th 789, 824.)

Appellant contends he was entitled to a self-defense instruction because his testimony "established that he was not concerned with retaining the property, only with retaining his freedom and protecting himself." Appellant argues he was entitled to CALCRIM No. 3470 which applies self-defense to an allegation of robbery if force is used against another person where the defendant reasonably believed he was in imminent danger of suffering bodily injury; the defendant reasonably believed the immediate use of

5

force was necessary to defend against the danger; and, the defendant used no more force than was reasonably necessary.

We reject appellant's contention because he never testified that he used or applied force during the theft. Appellant never described an act of self-defense. Appellant's only description of action other than his theft of liquor was his attempted flight. Appellant denied touching or grabbing Montoya. Appellant testified that he did not care about his backpack or the alcohol, only about his freedom. Appellant stated that Montoya took the backpack from him, not that he voluntarily relinquished it. Appellant reiterated he did not hit Montoya or fight with him. There was no evidence from appellant's testimony to support a self-defense theory.

Although appellant originally requested CALCRIM No. 3470, the self-defense instruction, he later withdrew his request for the instruction. Prior to jury deliberations, the trial court announced that CALCRIM No. 3470, among other instructions, had been withdrawn.

In closing argument, defense counsel argued that at most, appellant was guilty of petty theft, not any form of robbery. Defense counsel argued that it was more likely that appellant was on his stomach, not his back. Defense counsel argued that appellant did not apply force or fear when he took the liquor bottles. Defense counsel speculated that there was an "incidental accident or fight or something" that happened later. Defense counsel did not argue that this incidental event occurred because appellant was defending himself. Rather, counsel was arguing that there was no planned robbery or burglary, only a petty theft.

The evidence of an "accident" or "fight" described by defense counsel in closing argument came from Montoya, who described an attempt to apprehend appellant. Montoya first described how appellant shoved him attempting to escape, how Montoya grabbed hold of appellant both to apprehend him and to break his own fall, and how

6

appellant struggled once they fell to the ground to effectuate an escape. In appellant's version of events, he applied no force (or fear) during his asportation of the stolen liquor bottles and there was no fighting on his part. In Montoya's version of events, appellant shoved him in an attempt to get away. Nothing in Montoya's or appellant's testimony supports a defense theory of self-defense.

Robbery is defined as the felonious taking of personal property in the possession of another, from his or her person or immediate presence, against his or her will, accomplished by means of force or fear. In California, robbery is a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety. (*People v. Anderson* (2011) 51 Cal.4th 989, 994.) The law does not require the perpetrator to exert some quantum of force in excess of that necessary to accomplish the mere taking of the property. (*Id.* at p. 995.)

A taking is not over at the moment of caption. It continues through asportation. A robbery can be accomplished even if the property was acquired peacefully or duplicitously if force or fear was used to carry the property away. (*People v. Gomez* (2008) 43 Cal.4th 249, 256.)

Appellant provided no factual basis for self-defense and did not propose it as a theory to the jury. Montoya testified that appellant first applied force by shoving Montoya at the entrance to the store. Appellant was holding the backpack with three stolen liquor bottles when Montoya was shoved. Although appellant acquired the liquor bottles peacefully, he applied force to effectuate his escape while he was still taking the stolen property. Although the backpack was apparently dropped during the ensuing struggle, the elements of an attempted robbery were satisfied. We therefore reject appellant's contention that the trial court had a sua sponte duty to instruct the jury on self-defense.

## CUSTODY CREDITS

Appellant contends that he was entitled to custody credits pursuant to section 4019 and the trial court erred in applying credits according to section 2933.1. This is, according to appellant, because attempted robbery is not a serious or violent felony under section 667.5, subdivision (c) and therefore not subject to the credit limitations of section 2933.1. Respondent does not dispute this assertion. Appellant further contends that he is entitled to conduct credits of 49 days, the number of days he was in actual custody, pursuant to section 4019. Respondent disagrees, submitting that appellant is only entitled to 48 days of conduct credits. We agree with respondent.

Section 4019, subdivision (e) provides that no deduction may be made pursuant to the statute unless the defendant is committed for four days or longer. (§ 4019, subd. (e).) Subdivision (f) of section 4019 currently provides that a term of four days will be deemed to have been served for every two days spent in actual custody. This formula accelerates the original formula of section 4019 which permitted fewer custody credits. (*People v. Rjanayagam* (2012) 211 Cal.App.4th 42, 48-49; § 4019, subd. (f).) Rounding up is not permitted under the statutory scheme. (*People v. Smith* (1989) 211 Cal.App.3d 523, 527.)

Appellant is therefore entitled to 48 days of conduct credits, not 49 days of conduct credits. With 49 days of actual custody credits and 48 days of conduct credits, appellant was entitled to presentencing credits of 97 days. We will remand for the trial court to amend the abstract of judgment to reflect this change.

## DISPOSITION

The case is remanded for the trial court to amend the clerk's minute order and the abstract of judgment to show that appellant receives 48 days of presentencing conduct credits, and total presentencing custody credits of 97 days. The court shall forward the

amended abstract of judgment to the appropriate authorities.  The judgment is otherwise affirmed.