Filed 9/17/25  P. v. Hamelton CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHAWN ANTHONY HAMELTON,<br><br>    Defendant and Appellant. | B337286<br><br>(Los Angeles County Super. Ct. No. 24AVCF00224) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Strassner, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Michael C. Keller, Deputy Attorneys General for Plaintiff and Respondent.

Shawn Anthony Hamelton appeals the judgment following his no contest plea to residential burglary. Hamelton contends that the trial court erred by failing to award him credit for time he spent in custody following revocation of his Postrelease Community Supervision (PRCS) in Case No. 2PB02230, which he claims was entirely based on his arrest for the burglary in this case. The People respond that the PCRS revocation was not based solely on the burglary arrest, but rather on Hamelton's failure to report his arrest for burglary in the present case as well as his arrest for felon in possession of a firearm in Case No. MA084173.

We agree with the People, and affirm the trial court's judgment.

## PROCEDURAL HISTORY[1]

### A.    *Background*

On May 13, 2022, Hamelton was arrested in the present case (Case No. 24AVCF00224).

On June 1, 2022, the supervising agency filed a petition for revocation of PRCS in Case No. 2PB02230 based on Hamelton's failure to comply with the terms and conditions of the PRCS. The court issued an arrest warrant.

---

[1] We omit a statement of the facts as it is not necessary to our disposition.

2

On October 28, 2022, Hamelton was arrested for felon in possession of a firearm in Case No. MA084173. (Pen. Code, § 29800, subd. (a)(1).)

On November 3, 2022, the court called Case No. 2PB02230 for a bench warrant hearing. The court recalled the bench warrant and informed Hamelton of the alleged PRCS violation. After being advised of his rights, he admitted the violation. The court found that Hamelton had violated PRCS by failing to report arrests on May 13, 2022, and October 28, 2022. The court revoked and reinstated PRCS with conditions, including that Hamelton was ordered to a term of 170 days confinement in county jail.

On May 4, 2023, Hamelton was convicted of felon in possession of a firearm in Case No. MA084173 and sentenced to a term of 32 months in prison.

## B.   *Plea and Sentencing in this Case* (*Case No. 24AVCF00224*)

On February 9, 2024, Hamelton pleaded no contest to a single count of residential burglary (§ 459) in the present case.[2] Because Hamelton was incarcerated in state prison in Case No. MA084173, per the plea agreement he was to be sentenced to a consecutive term of 16 months, or one-third the middle term for burglary.

The sentencing hearing was held on March 6, 2024. Hamelton completed his prior prison term 12 days before the

---

[2] This case was originally filed under Case No. MA085604, but was brought over past 90 days and had to be re-filed.

3

hearing. Defense counsel requested that Hamelton be awarded custody credit for the 170 days of custody that he received in Case No. 2PB02230 due to his violation of PRCS.[3]

The court denied the request for additional custody credit. The court explained that the PRCS violation was based on Hamelton's failure to report his arrests on two separate dates— "one was relating to this case and one was relating to an October 2022 date"—but only one arrest related to the present case. Because the present case was not the sole reason for the violation, Hamelton was not entitled to custody credits. The court awarded Hamelton credits for the 12 days he spent in custody after he completed the sentence in the prior case, plus two days spent in custody for the present case, plus good time credits of 14 days for a total of 28 days of custody credit.

The trial court imposed the term of 16 months that the parties had agreed upon, to run consecutive to any other time being served.

## DISCUSSION

"A defendant is entitled to actual custody credit for 'all days of custody' . . . including partial days. (§ 2900.5, subd. (a); see *People v. Smith* (1989) 211 Cal.App.3d 523, 526.) Calculation of custody credit begins on the day of arrest and continues through the day of sentencing. (*People v. Bravo* (1990) 219 Cal.App.3d

---

[3] Counsel also requested custody credit for time spent in county jail "since he requested the 1381 demand[,]" but does not argue on appeal that the court should have awarded credit for those days.

4

729, 735.)" (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.)

Section 2900.5, subdivision (b) provides that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." Generally, "when concurrent sentences are imposed at the same time, presentence custody is credited against all." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9.) However, "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (§ 2900.5, subd. (b).) A defendant is entitled to presentence confinement credit if the defendant can demonstrate that "the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485.)

In the present case, the superior court correctly recognized that Hamelton's PRCS was revoked partly based on his failure to report his arrest in Case No. MA084173. Hamelton's sentence of 170 days following PRCS is therefore not solely attributable to the present burglary. Accordingly, he is not entitled to the claimed additional custody credit.

5

## DISPOSITION

The trial court's judgment is affirmed.
NOT TO BE PUBLISHED.


                                        MOOR, J.

WE CONCUR:



    BAKER, Acting P. J.



    KIM (D.), J.


6