**Daniel QUACKENBUSH, Plaintiff—Appellant,**

v.

**COUNTY OF SANTA BARBARA; et al., Defendants—Appellees.**

No. 04–56999.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Filed March 29, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel Quackenbush, Lompoc, CA, pro se.

Stephen Shane Stark, Esq., Office of The County Counsel, Jake Stoddard, County of Santa Barbara County Counsel, Santa Barbara, CA, Mark L. Kiefer, Esq., Vanessa Jarvis, Esq., Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Los Angeles, CA, for Defendants–Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Daniel Quackenbush, a former California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights during his transport to and incarceration in prison. We have jurisdiction under 28 U.S.C. § 1291. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir.2002) ("Courts may properly exercise appellate jurisdiction under 28 U.S.C. § 1291 when a partial summary judgment is followed by a dismissal of all remaining claims, even if those claims are dismissed 'with prejudice.' "). We review de novo, *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004) (dismissal for failure to state a claim); *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir.1996) (summary judgment), and we affirm.

The district court properly dismissed Quackenbush's claims that prison officials violated his civil rights and state law in calculating the time for his release on May 9, 1998. *See People v. Smith*, 211 Cal. App.3d 523, 526, 259 Cal.Rptr. 515 (1989) (citing Cal.Penal Code § 2900.5(e)) (discussing computation of release dates).

■ Moreover, the district court properly dismissed the claim challenging alleged unconstitutional terms of probation, because Quackenbush is no longer on probation, and thus lacks standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (to obtain standing, a plaintiff mush show

"real or immediate threat" of being arrested under the challenged procedures).

The district court properly granted summary judgment on the claim that defendants interfered with Quackenbush's access to courts. Quackenbush cannot show he suffered an actual injury, because the record shows that he was able to present claims in state and federal courts during his incarceration. *See Lewis v. Casey,* 518 U.S. 343, 351–54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■ The district court properly granted defendants' motion for summary adjudication on Quackenbush's claim that the use of chest chains on him to restrain Quackenbush during transport constituted excessive force, because the evidence shows no genuine issue of material fact as to whether defendants' conduct was "malicious and sadistic." *Hudson v. McMillian,* 503 U.S. 1, 5–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (discussing factors to consider in determining whether force was excessive in violation of the Eighth Amendment).

■ The district court properly granted summary judgment on Quackenbush's claims that for over two months the County of Santa Barbara and its jail personnel denied him medical treatment and pain medication. Quackenbush failed to raise a genuine issue of material fact as to whether any of the defendants purposefully ignored, delayed, or were deliberately indifferent to his medical needs, or that their failure to renew his expired prescription for Ibuprofin was medically unacceptable in light of the fact that he was able to obtain Ibuprofin from the prison commissary. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that the deliberate indifference standard requires showing that de-

fendant was aware of and disregarded a substantial risk of serious harm to the plaintiff); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (concluding plaintiff fails to show deliberate indifference as a matter of law where two alternative courses of treatment would be medically acceptable under the circumstances).

Appellee's July 25, 2005 motion to strike portions of Quackenbush's opening brief that were not presented to the district court is granted.

The remaining contentions lack merit.

**AFFIRMED.**