Filed 7/25/13  P. v. Bailon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056111 |
| v. | (Super.Ct.No. RIF1104806) |
| CHRISTIAN LAWRENCE BAILON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gary B. Tranbarger, Judge.  Affirmed.

Sarah A. Stockwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Christian Lawrence Bailon argues that he should be awarded additional pre-sentence custody credits for days served on or after October 1, 2011, even though he

1

committed his crime prior to that date.  As discussed below, the Legislature specifically made the increased credits applicable only to those who committed their crime on or after October 1, 2011, and this election does not violate defendant's right to Equal Protection.

## PROCEDURE

On September 15, 2011, defendant was found driving a stolen vehicle.  On January 17, 2012, a jury found defendant guilty of taking a vehicle without consent (Veh. Code, § 10851, subd. (a)) and receiving a stolen vehicle (Pen. Code, § 496, subd. (d)).[1] On January 23, 2012, the trial court found true allegations that defendant had two prison priors (§ 667.5, subd. (b)) and a prior "strike" conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On March 23, 2012, the court sentenced defendant to eight years in state prison. The court awarded defendant presentence custody credits of 191 actual days, along with 94 days for good conduct under section 4019, for a total of 285 days.  Defendant served pre-sentence custody time for 16 days prior to October 11, 2011, and 175 days on and after that date.  Pursuant to section 1237.1, defendant moved to have his conduct credits increased under the revised version of section 4019 effective October 1, 2011.  The court denied the motion.  This appeal followed.

## DISCUSSION

Defendant argues he is entitled to 89 additional days of conduct credit for time he served in county jail after the October 1, 2011, effective date of the increased conduct

---

[1] All section references are to the Penal Code unless otherwise indicated.

2

credits. In the alternative, defendant argues he is entitled to 97 additional days of conduct credit because Equal Protection makes the increase in conduct credits fully retroactive. As discussed below, defendant is not entitled to any additional days of conduct credit under the new scheme because it applies only to those who committed their crime on or after October 1, 2011.

A defendant is entitled to actual custody credit for "all days of custody" in county jail and residential treatment facilities, including partial days. (§ 2900.5, subd. (a); *People v. Smith* (1989) 211 Cal.App.3d 523, 526.) Section 4019 provides that a criminal defendant may earn additional presentence credit against his or her sentence for performing assigned labor (§ 4019, subd. (b)), and for complying with applicable rules and regulations of the local facility (§ 4019, subd. (c)). These presentence credits are collectively referred to as conduct credits. (*People v. Dieck* (2009) 46 Cal.4th 934, 939.)

Section 4019 has been amended multiple times. Before January 25, 2010, defendants were entitled to one-for-two conduct credits, which is two days for every four days of actual time served in presentence custody. (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553, 4554.) Effective January 25, 2010, the Legislature amended section 4019 to provide that prisoners, with some exceptions, earned one-for-one conduct credits, which is two days of conduct credit for every two days in custody. (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50.) Effective September 28, 2010, the Legislature again amended section 4019. (Stats. 2010, ch. 426, §§ 1, 2, 5.) Subdivisions (b) and (g) restored the one-for-two presentence conduct credit calculation that had been in effect prior to the January 25, 2010, amendment.

Most recently, the Legislature amended section 4019 to provide for up to two days credit for each four-day period of confinement in local custody. (§ 4019, subds. (b) & (c).) This scheme reflects the Legislature's intent that if all days are earned under section 4019, a term of four days will be deemed to have been served for every two days spent in actual custody. (§ 4019, subd. (f).) This version of section 4019 became operative on October 1, 2011, (Stats. 2011, ch. 39, § 53), and by its terms applies to "prisoners who are confined . . . for a crime committed on or after October 1, 2011." Defendant agrees that the statute, by its express terms, is intended to apply only to those who committed their crimes on or after October 1, 2011.

However, defendant contends that applying the current version of section 4019 to defendants whose offenses were committed after October 1, 2011, but not to those, such as defendant, who served presentence time for crimes committed before October 1, 2011, violates equal protection principles.

California appellate courts have held that awarding conduct credits at different rates to defendants in presentence custody on or after October 1, 2011, based on whether they committed their offenses before that date or on or after that date, does not violate their equal protection rights. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 55 (*Rajanayagam*); *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1552-1553.) The *Rajanayagam* court reasoned in part: " . . . [T]he Legislature took a measured approach and balanced the goal of cost savings against public safety. The effective date was a legislative determination that its stated goal of reducing corrections costs was best served by granting enhanced conduct credits to those defendants who committed their offenses

4

on or after October 1, 2011. To be sure, awarding enhanced conduct credits to everyone in local confinement would have certainly resulted in greater cost savings than awarding enhanced conduct credits to only those defendants who commit an offense on or after the amendment's effective date. But that is not the approach the Legislature chose in balancing public safety against cost savings. [Citation.] Under the very deferential rational relationship test, we will not second-guess the Legislature and conclude its stated purpose is better served by increasing the group of defendants who are entitled to enhanced conduct credits when the Legislature has determined the fiscal crisis is best ameliorated by awarding enhanced conduct credit to only those defendants who committed their offenses on or after October 1, 2011." (*Rajanayagam, supra,* 211 Cal.App.4th at pp. 55-56.)

We agree with the *Rajanayagam* court that applying the current version of section 4019 only to defendants who committed offenses on or after October 1, 2011, "bear[s] a rational relationship to cost savings." (*Rajanayagam, supra*, 211 Cal.App.4th at p. 55.) We therefore reject defendant's equal protection challenge to the prospective-only application of the most recent amendments to section 4019.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.