Filed 8/15/14  P. v. Scott CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B251827 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA003230) |
| v. | |
| WALTER STEVE SCOTT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Order reversed, judgment modified, and, as modified, judgment affirmed with directions.

California Appellate Project, Jonathan B. Steiner and Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Walter Steve Scott appeals from an order denying his motion to correct the record, made following the judgment entered after a jury convicted him on two counts of first degree murder (Pen. Code, § 187, subd. (a)[1]), twelve counts of first degree residential robbery (§ 211), five counts of forcible rape in concert (§§ 261, subd. (a), 264.1), five counts of forcible oral copulation in concert (§ 288a, subd. (d)), three counts of forcible sodomy in concert (§ 286, subd. (d)), three counts of kidnapping to rob (§ 209, subd. (b)), and three counts of second degree robbery (§ 211). Firearm enhancements (§ 12022.5) and special circumstance murder allegations (§ 190.2, subd. (a)(17)) were found true.

The trial court sentenced appellant to prison for life without the possibility of parole, plus consecutive terms of 25 years to life, two terms of life plus a determinate term of 139 years eight months. Concurrent with this sentence, the trial court also imposed an additional life term and a determinate term of 57 years.[2] We reverse the order denying appellant's motion to correct the record, modify the judgment, and, as modified, affirm the judgment with directions.

### FACTUAL SUMMARY

The pertinent undisputed facts are as follows.[3] On March 20, 1990, appellant was arrested for the present offenses, and remained in custody until November 12, 1991. On

---

[1] Subsequent statutory references are to the Penal Code.

[2] The Attorney General requests we take judicial notice of the record in appellant's prior appeal, i.e., *People v. Walter Steve Scott and Glenford Brooks* (B064465). We grant that request. (Evid. Code, §§ 451, subd. (a), 452, subd. (d)(1), 455, subd. (a), 459, subds. (a) & (c).) An unpublished decision was rendered in that prior appeal. (*People v. Walter Steve Scott and Glenford Brooks* (Feb. 28, 1995, B064465) [nonpub. opn.]; hereafter, *Scott I*). The recitation of the offenses and sentence in the text above is taken from *Scott I*. The disposition in *Scott I* was: "The judgments of conviction are affirmed. The matter is remanded for correction of the abstracts of judgment to vacate the sentences imposed on counts 27, 28 and 35 and the section 12022.5 enhancement as to count 11, as further described within this opinion." (*Scott I*, at p. 40.)

[3] The facts concerning the present offenses are not pertinent to this appeal.

2

November 12, 1991, the trial court sentenced appellant for said offenses and awarded him precommitment credit. In particular, the trial court awarded 792 days of precommitment credit, consisting of 495 days of custody credit and 297 days of conduct credit. On April 18, 2013, appellant, allegedly pursuant to Penal Code section 1237.1, served on the People a motion to correct the record concerning the credit award. On September 13, 2013, the trial court denied the motion,[4] and the present appeal followed.

### *ISSUE*

Appellant claims he is entitled to additional precommitment credit.

### *DISCUSSION*

*Appellant Is Entitled to Additional Precommitment Credit.*

Appellant claims as above indicated. He argues he is entitled to 919 days of precommitment credit, consisting of 613 days of custody credit and 306 days of conduct credit. We agree he is entitled to additional precommitment credit but not in the amount he seeks.

As indicated, appellant was arrested on March 20, 1990, and remained in custody until November 12, 1991, when the court sentenced him. This is a total of 603 days, inclusive. Appellant errs by concluding this period is 613 days and calculating accordingly.

---

[4]    The trial court denied the motion on the ground the "issues raised should have been addressed on appeal." (Capitalization omitted.) We assume without deciding that, after the judgment, appellant could have filed a petition for a writ of habeas corpus based on alleged ineffective assistance of counsel concerning his credit award. The trial court also denied the motion on the ground "[a]ny recomputation of custody credits would result in striking conduct credits which should have never been awarded." The trial court did not explain why it thought conduct credits should never have been awarded. As discussed *post*, the Attorney General concedes an award of additional conduct credit is proper. The remittitur in *Scott I* was issued on June 2, 1995. The Attorney General does not suggest additional credit should not be awarded because appellant's motion was made after the remittitur was issued in *Scott I.*

3

As respondent concedes, appellant is entitled to 603 days of custody credit pursuant to Penal Code section 2900.5, subdivision (a), and 300 days of conduct credit pursuant to Penal Code section 4019. We accept the concession. (*People v. Bravo* (1990) 219 Cal.App.3d 729, 731; *People v. Smith* (1989) 211 Cal.App.3d 523, 527.) We will reverse the trial court's order denying appellant's motion to correct the record, and we will modify the judgment accordingly.

## *DISPOSITION*

The trial court's September 13, 2013 order denying appellant's motion to correct the record is reversed, the judgment is modified by awarding appellant an additional 108 days of custody credit pursuant to Penal Code section 2900.5, subdivision (a), and an additional three days of custody credit pursuant to Penal Code section 4019, for a total award of 903 days of precommitment credit and, as modified, the judgment is affirmed. The trial court is directed to forward to the Department of Corrections an amended abstract of judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

KLEIN, P. J.

ALDRICH, J.

4