Filed 3/2/16  P. v. Galloway CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY JAMES GALLOWAY,<br><br>    Defendant and Appellant. | G051989<br><br>(Super. Ct. No. 06CF3551)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

An information charged defendant Timothy James Galloway with residential burglary (Pen. Code, §§ 459, 460, subd. (a), count 1, all further references are to this code); and further alleged he had suffered two prior strike convictions (§§ 667, subds. (d), (e)(2)(a), 1170.12, subds. (b), (c)(2)(A)), two prior serious felony convictions (§ 667, subd. (a)(1), and three prison prior convictions (§ 667.5, subd. (b)).

On May 21, 2015, in a disposition negotiated with the prosecution, Galloway pleaded guilty to count 1 and admitted all of the prior conviction allegations. Paragraph 29 of the guilty plea form states: "In Orange County, California, on June 24, 2006 I willfully & unlawfully entered an inhabited dwelling house, inhabited by K. Fennstra with the intent to commit larceny."

As agreed in the guilty plea form, the court sentenced Galloway to a total prison term of five years, to be served concurrent with a previously imposed sentence in another case; and awarded two days of presentence credit. The court also granted the prosecution's motion to dismiss the prior strike convictions, the prior serious felony convictions, and one of the three prison prior convictions.

Galloway filed a timely notice of appeal from "the sentence or other matters occurring after the plea that do not affect the validity of the plea." Nothing in the record indicates he obtained a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent Galloway on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court he found no arguable issues to assert on Galloway's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) To assist us in our independent review of the record, counsel suggested we consider the issues set out below, including whether the court awarded the correct amount of presentence custody credits.

Galloway filed a supplemental brief on his own behalf, which also asks us to consider whether court awarded the correct amount of presentence custody credits, based upon "his September 15, 2014 guilty plea."

2

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, but found no arguable issues on appeal.

(1) Counsel suggests we consider whether Galloway was properly advised of his constitutional rights prior to the guilty plea. This we cannot do, because he did not obtain a certificate of probable cause and, in any event his guilty plea form is a valid substitute. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76, 83 (*Panizzon*); § 1237.5.)

(2) Counsel suggests we consider whether there was a factual basis for the guilty plea. Once more we cannot consider this claim because Galloway did not obtain a certificate of probable cause. (*Panizzon*, *supra*, 13 Cal.4th at p. 76.) Yet even if we could consider this claim, as noted above, there was a factual basis for the guilty plea.

(3) Counsel suggests we consider whether Galloway was sentenced in accordance with the plea agreement. We have and he got exactly what he bargained for.

(4) Counsel suggests we consider whether the court awarded the correct amount of presentence credit. We have and it did. This too was a term of the negotiated disposition. Paragraph 25 of the guilty plea form provided, in part: "**Proposed disposition**: I voluntarily agree and understand the court will: (initial all that apply) [¶] (a) Sentence me to state prison for a period of 5 years and 0 months, credit for time served of 0 days actual custody and 0 days of good time/work time for a total credit of 0 days." While there was a discussion of the credits issue at the time of sentencing, defendant ultimately confirmed he had agreed to zero credit for time served. Thereafter the court correctly awarded him two days of actual credit pursuant to section 4019, including a full day for the day of his commitment to state prison. (*People v. Smith* (1989) 211 Cal.App.3d 523, 526.) Under these circumstances, "We find no error, because the court followed the clear and explicit language of defendant's plea bargain." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1149.)

3

(5)  Galloway also requests us to consider whether the court awarded the correct amount of presentence credit.  He says he entered a different guilty plea on September 15, 2014 and, as a result, he is entitled to credits from that date to May 22, 2015.  He also asks us to "take a look at the September 15, 2014 transcripts of the plea deal" and "see if there's any arguable issues that can be found . . . ."

The record does not reflect any guilty plea on September 15, 2014.  The minute order shows there was a pretrial hearing set for that date, which was continued to the next day.  There is no reporter's transcript for September 15, 2014, but the reporter's transcript of the proceedings on the next day shows the parties advised the court that the plea negotiations had "broken down."

Regardless, any error arising out of the events on September 15, 2014, would necessarily precede the May 21, 2015 plea and sentence which Galloway has appealed from.  Again we cannot consider these matters because Galloway did not obtain a certificate of probable cause.  (*Panizzon*, *supra*, 13 Cal.4th at pp. 74-75.)

**DISPOSITION**

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.


4