Filed 8/24/16  P. v. Timmons CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROGER M. TIMMONS,<br><br>Defendant and Appellant. | B265441<br><br>(Los Angeles County<br>Super. Ct. No. MA065322) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Andrew E. Cooper, Judge.  Affirmed as modified.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell, Deputy Attorney General, for Plaintiff and Respondent.

_____

Roger Timmons was convicted of two counts of unlawful firearm activity. (Pen. Code, § 29815, subd. (a).) On appeal, he contends the trial court erred in failing to identify each element of the offense separately when instructing the jury that it must find the prosecution proved Timmons committed the offense beyond a reasonable doubt, which effectively permitted the jury to convict him if it found some but not all of the elements were proven beyond a reasonable doubt. Timmons also contends he is entitled to three additional days of custody credit. We conclude he is entitled to the three additional days of credit, but otherwise affirm.

## BACKGROUND

In 2014, a court ordered Timmons not to own, use, or possess a firearm for 10 years. On May 11, 2014, Mary Delong, who shared a duplex with Timmons, heard two gunshots outside her bedroom door and then heard a third party tell Timmons to give him the gun. On November 11, 2014, Delong saw Timmons holding a gun.

Timmons pleaded not guilty to two counts of unlawful firearm activity and was tried by a jury. (Pen. Code, § 29815, subd. (a).)[1] The court instructed the jury that Timmons was "charged in counts 1 and 3 with unlawfully possessing a firearm. To prove that the defendant is guilty of this crime, the People must prove that:

"1: The defendant possessed the firearm;

"2: The defendant knew that he possessed a firearm; and

"3: A court had ordered that the defendant not possess a firearm."

The trial court also instructed the jury that a "defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove the defendant

_____

[1] Penal Code section 29815, entitled "Person with probation condition prohibited from owning, possessing, controlling, receiving or purchasing firearm," provides, in pertinent part, that "[a]ny person who, as an express condition of probation, is prohibited or restricted from owning, possessing, controlling, receiving, or purchasing a firearm and who owns, purchases, receives, or has in possession or under custody or control, any firearm . . . is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine."

guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt."[2]

The jury found Timmons guilty on both counts, and the trial court sentenced him to three years eight months in prison and gave him 418 days of presentence custody credit, calculated as 209 days of actual custody and 209 days of good conduct credit. Timmons filed a timely notice of appeal.

## DISCUSSION

### I. Reasonable doubt instruction

Timmons contends the trial court erred in failing to identify each element of the charged offense individually as part of its instruction that the offense must be proven beyond a reasonable doubt. The argument is without merit.

"A trial court must instruct the jury on the allocation and weight of the burden of proof" (*People v. Mower* (2002) 28 Cal.4th 457, 483), but need not use any particular form of words when doing so (*People v. Aranda* (2012) 55 Cal.4th 342, 358). "We determine whether a jury instruction correctly states the law under the independent or de novo standard of review. [Citation.] Review of the adequacy of instructions is based on whether the trial court 'fully and fairly instructed on the applicable law.' [Citation.] "'In determining whether error has been committed in giving or not giving jury instructions, we must consider the instructions as a whole . . . [and] assume that the jurors are

---

[2] The trial court read CALCRIM No. 220 as follows: "The fact that a criminal charge has been filed against the defendant is not evidence that the charge is true. You must not be biased against the defendant just because he has been arrested, charged with a crime, or brought to trial. [¶] A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt. [¶] Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt, because everything in life is open to some possible or imaginary doubt. [¶] In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal, and you must find him not guilty."

intelligent persons and capable of understanding and correlating all jury instructions which are given." [Citation.]' [Citation.] 'Instructions should be interpreted, if possible, so as to support the judgment rather than defeat it if they are reasonably susceptible to such interpretation.'" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

Here, the trial court's instruction that "[w]henever . . . the People must prove something, . . . they must prove it beyond a reasonable doubt," coupled with the instruction that the People must prove Timmons knowingly possessed the firearm after having been ordered by a court not to do so, adequately informed the jury that each element had to be proven beyond a reasonable doubt. (*People v. Ramos*, *supra*, 163 Cal.App.4th at p. 1088.)

Focusing on the word "something," Timmons argues the instruction was misleading because "something" could have referred solely to the crime itself, not any individual element. We disagree. No reasonable juror would apply a different evidentiary standard to the offense as a whole than to each element of the offense, especially where the court instructs that the identical burden exists "whenever" a thing must be proven. A juror is presumed to attend to a court's elucidation of the elements of an offense and to follow the court's instruction that to prove the offense, the prosecution must prove each element.

## II.    Conduct Credits

Timmons contends he is entitled to three additional days of conduct custody credit. The Attorney General concedes the point, and we agree.

Timmons was arrested on November 17, 2014, and sentenced on June 15, 2015. Including the day of arrest and the day of sentencing (*People v. Smith* (1989) 211 Cal.App.3d 523, 526), he was entitled to 211 days of custody credit and 210 days of conduct credit, for a total of 421 days of credit. The trial court awarded Timmons only 418 days of credit. The abstract of the judgment must be amended accordingly.

## DISPOSITION

The judgment is modified to grant Timmons 421 days of custody credit. In all other respects the judgment is affirmed. The clerk of the superior court is directed to

4

prepare an amended abstract of judgment to reflect the judgment as modified and forward a copy of it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


WE CONCUR:



JOHNSON, J.



LUI, J.