Filed 8/21/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ARI VALDES,<br><br>    Defendant and Appellant. | 2d Crim. No. B300910<br>(Super. Ct. No. YA097954)<br>(Los Angeles County) |

Prologue:  A Court of Appeal opinion is an explanation for a decision.  In most cases the opinion should contain only the necessary facts and law to support the issue or issues to be decided.  To aid the litigants, their attorneys, and the public, the opinion should be concise, readable, and filed with reasonable dispatch.  Generally the opinion should not mimic law review articles.  We hope to follow this model in what follows.

After a negotiated plea agreement, Joseph Ari Valdes appeals a judgment following his conviction for second degree robbery (Pen. Code, § 211), with a finding that he used a deadly or dangerous weapon in the commission of the offense (*id.*, § 12022, subd. (b)(1)).  He was sentenced to an aggregate prison term of 11 years.

Valdes subsequently moved for correction of presentence custody credits and abstract of judgment.  He claimed he was entitled to "an additional one (1) presentence credit day for a total of 296 presentence credit days."  Because his defense counsel miscalculated his actual presentence custody credits, Valdes said he was "entitled to 258 actual custody credit days."  The trial court denied the motion.

Valdes, the People, and we agree that Valdes's 11-year sentence be reduced by one day.  Valdes is entitled to 258 days actual custody credit instead of 257 days.  His 38-day good time/work time credit entitles him to a total credit of 296 days instead of 295.

"A defendant is entitled to actual custody credit for 'all days in custody' in county jail and residential treatment facilities, including partial days."  (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.)  "Calculation of custody credit begins on the day of arrest and continues through the day of sentencing."  (*Ibid.*)  " 'The law takes no notice of fractions of a day.  Any fraction of a day is deemed a day . . . .' "  (*People v. Smith* (1989) 211 Cal.App.3d 523, 526.)  The day the defendant is arrested counts as a custody credit day no matter how many hours or minutes the defendant was in jail on that day.  (*Ibid.*; *Rajanayagam*, at p. 48.)  In such instances, arithmetic may be confounding.

*DISPOSITION*

The case is remanded to the trial court with instructions to correct the sentence finding on actual time served for presentence custody credits to 258 days, to increase the "total days" credit for presentence credit time to 296 days, and to amend and serve a corrected abstract of judgment. In all other respects, the judgment is affirmed.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

Hector M. Guzman, Judge

Superior Court County of Los Angeles

_____

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.