Filed 11/13/24  P. v. Jimenez-Barraza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051877 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 22CR010463) |
| v. | |
| GABINO JIMENEZ-BARRAZA, | |
| Defendant and Appellant. | |

Defendant Gabino Jimenez-Barraza appeals from a trial court judgment executing a previously suspended five-year prison sentence after Jimenez-Barraza admitted a probation violation.  Appointed counsel for Jimenez-Barraza filed an opening brief that provides the procedural and factual background of the case but raises no legal challenge to the disposition.  Jimenez-Barraza was advised of the right to file written arguments on his own behalf but has not responded.  Therefore, under *People v. Wende* (1979) 25 Cal.3d 436 we independently reviewed the record, which showed that Jimenez-Barraza freely, knowingly, and intelligently waived his right to a hearing and admitted a probation violation, and that the trial court properly imposed the previously suspended sentence.  However, finding an issue regarding custody credits, we asked for supplemental briefing, and both parties informed us that there was an error in calculating the credits.  As explained below, we agree and therefore modify and affirm the judgment.

## I. BACKGROUND

The facts recounted below are taken from the probation and supplemental probation reports and other portions of the record.

### A. The Underlying Case

On November 25, 2022, Jimenez-Barraza had a verbal and physical altercation with his roommate. During the altercation, Jimenez-Barraza grabbed a knife and stabbed his roommate in the stomach.

The Monterey County District Attorney's Office charged Jimenez-Barraza by complaint with one felony count of assault by means likely to produce great bodily injury (Pen. Code, § 254, subd. (a)(4)). (Subsequent undesignated statutory references are to the Penal Code.) The complaint also alleged two enhancements, one for personal infliction of great bodily injury (§ 12022.7, subd. (a)) and another for personal use of a deadly and dangerous weapon (§ 12022, subd. (b)(1)).

On June 27, 2023, pursuant to a plea agreement, Jimenez-Barraza pleaded no contest to the felony assault charge and admitted the infliction of great bodily injury enhancement, with the remaining enhancement to be dismissed at sentencing. The trial court advised Jimenez-Barraza that the plea agreement was for a five-year sentence with execution of the sentence suspended and that if he were placed on probation and violated it, he would have to serve the five-year sentence. The parties stipulated to a factual basis for the plea under *People v. West* (1970) 3 Cal.3d 595, and the court accepted the plea.

At the same hearing, Jimenez Barraza admitted to a violation of probation in another case.

On August 10, 2023, the trial court sentenced Jimenez-Barraza to the lower term of two years for the assault charge and three years for the bodily injury enhancement, to be served consecutively. The court suspended execution of the sentence and placed Jimenez-Barraza on formal probation for two years. One of the conditions of probation was that Jimenez-Barraza must "totally abstain from the use of alcohol, marijuana, or

2

other controlled substances." The court admonished Jimenez-Barraza that if he violated any of the terms or conditions of his probation he would go to prison for five years. The personal use of a deadly weapon enhancement (§ 12022, subd. (b)(1)) was dismissed.

For the probation violation in the other case, the trial court terminated probation and ordered Jimenez-Barraza to serve 364 days in county jail, with 364 days of custody credit. The court ordered this sentence to run consecutive to the sentence in the felony assault case.

**B. The Probation Violation**

On January 5, 2024, Jimenez-Barraza met with his probation officer. The probation officer searched him and found a straw with white crystalline residue. Jimenez-Barraza then provided a urine sample, which tested positive for methamphetamine and alcohol. Jimenez-Barraza admitted to the probation officer that he had consumed alcohol earlier in the day but denied using methamphetamine.

The Monterey County Probation Department filed a petition on January 8, 2024 alleging that Jimenez-Barraza had violated his probation by failing to abstain from drug and alcohol use. In a hearing on January 30, 2024, Jimenez-Barraza admitted the violation. Finding this admission knowing, intelligent, and voluntary, the trial court revoked probation. On February 22, 2024, the court imposed the previously suspended five-year sentence. (Cal. Rules of Court, rule 4.435(b)(2).) At this hearing, the court also awarded 135 custody credits and 20 days of good conduct credit, for a total of 155 days of presentence credit.

Jimenez-Barraza filed a timely notice of appeal.

## II. DISCUSSION

After reviewing the record we asked the parties to submit briefing on the calculation of appellant's presentence custody and conduct credits: specifically, whether the number of days that Jimenez-Barraza was confined from September 29, 2023 to November 13, 2023 should have been calculated to be 46 rather than 44 days. Counsel

3

for Jimenez-Barraza argues, and the Attorney General concedes, that the court should have awarded him custody credits in the amount of 46 days for that period and therefore the court erred in awarding him 44 days of custody credits for the period in question and 155 days total credits. We agree and accept the Attorney General's concession.

A defendant is entitled to actual presentence custody from the date he is processed into jail to the date he is released or sentenced. (§ 2900.5, subd. (d); *People v. Ravaux* (2006) 142 Cal.App.4th 914, 919-920.) A partial day, including the day of sentencing, is counted as a full day. (*People v. Smith* (1989) 211 Cal.App.3d 523, 526.) At the sentencing hearing, the court awarded Jimenez-Barraza 135 days of actual custody credits under section 2900.5, subdivision (d) for the days that he spent in pretrial confinement in this case. The court based this on information from the probation report, which, among other things, calculated that Jimenez-Barraza should receive 44 days of custody credit for the period served in jail from September 29, 2023 to November 13, 2023. This was incorrect. The correct calculation for the period from September 29, 2023 to November 13, 2023 is 46 days. Accordingly, Jimenez-Barraza is entitled to 137 rather than 135 days of custody credits, which along with 20 days of good conduct credit makes for a total of 157 days of credits.

### III. DISPOSITION

The judgment is modified to reflect 157 days of credits, consisting of 137 days of custody credits and 20 days of good conduct credits. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended minute order and abstract of judgment reflecting the modification and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

4

_____
BROMBERG, J.

WE CONCUR:


_____
LIE, ACTING P. J.



_____
WILSON, J.




*People v. Jimenez-Barraza*
H051877