Filed 5/23/25  P. v. Turner CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONTAE TURNER,<br><br>    Defendant and Appellant. | B336141<br><br>(Los Angeles County Super. Ct. No. BA454718) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark Hanasono, Judge.  Affirmed and remanded with directions.

Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General for Plaintiff and Respondent.

Jontae Turner appeals the trial court's resentencing order under Penal Code[1] section 1172.75.  Turner contends that the trial court abused its discretion by refusing to strike a five-year section 667, subdivision (a)(1) sentencing enhancement.  Turner also contends that the trial court miscalculated his custody credits.  The People assert that the trial court acted within its discretion when it declined to strike the section 667, subdivision (a)(1) enhancement, but agree that the matter should be remanded to the trial court for recalculation of Turner's custody credits.

We affirm the trial court's order, but remand for the court to file an amended minute order and abstract of judgment that includes Turner's custody credits from the date of his sentencing hearing to the date of the resentencing hearing.

## BACKGROUND AND PROCEDURAL HISTORY

### A.    *Facts*

A probation report dated April 5, 2017, stated that police responded to a disturbance call at a residence.  When they arrived, the victim reported that Turner, who is her son, had violently assaulted her in her home on February 14, 2017, fracturing her ribs and dislocating her shoulder.  Turner returned to his mother's home on February 17, 2017, and demanded to be let inside.  He struck a window with his fists and feet until it shattered, and then he walked through the broken window into the home.  Once inside, Turner threatened his

[1] All further statutory references are to the Penal Code.

mother, who fled and called the police. When officers detained Turner, he became combative, resisted, and spat on one of the officers. The officers put a "spit sack" over Turner's head and placed him in the patrol car. Turner thrashed and kicked, breaking the window of the vehicle. At the station, Turner again resisted arrest and was subdued. When the officers loosened the spit sack to book him, Turner spat on another officer.

At the time that he committed the offenses, Turner was on probation in Case No. BA445945 for human trafficking of a minor for a commercial sex act (§ 236.1, subd. (c)(1), count 1), pandering by procuring (§ 266i, subd. (a)(1), count 2), and attempted pimping of a minor 15 years of age or older (§§ 266h, subd. (b)(1), count 3). Turner suffered multiple prior convictions and sustained juvenile adjudications prior to committing the current offenses.

## B.   *Sentencing*

On August 21, 2017, Turner pled no contest in an open plea in the instant case (Case No. BA454718) to assault with force likely to cause great bodily injury (§ 245, subd. (a)(4), count 1), misdemeanor vandalism (§ 594, subd. (a), count 2), two counts of misdemeanor battery on a peace officer (§ 243, subd. (b), counts 3 & 4), and felony vandalism (§ 594, subd. (a), count 5). Turner admitted the allegations in count 1 that he had inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)), and that he had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and the Three Strikes law (§§ 667, subd. (d) & 1170.12, subd. (b)). As to counts 1 and 5,

3

Turner admitted he had served three prior prison terms. (§ 667.5, subd. (b).)

The trial court struck the prior strike for purposes of the Three Strikes law. The court imposed a term of 10 years in state prison as follows: in count 1 (§ 245, subd. (a)(4)), the low term of two years, plus three years for a great bodily injury enhancement (§ 12022.7, subd. (a)), and an additional five years for the prior serious felony conviction (§ 667, subd. (a)(1)). The court imposed concurrent terms in all other counts: three terms of 364 days, one term each in counts 2, 3, and 4, and the middle term of two years in count 5.

Turner admitted that by committing the crimes charged in Case No. BA454718 he had violated probation in Case No. BA445945. The court terminated probation in Case No. BA445945 and sentenced him to a term of four years to run concurrently with the sentences in Case No. BA454718.

With respect to Case No. BA454718, the court awarded Turner 186 days of actual credit plus 27 days of good time credit for a total of 213 days credit. With respect to Case No. BA445945, the court stated that Turner had received 290 days of presentence credit, for a total of 503 credits when added to the 213 days of credit awarded in Case No. BA454718.[2]

---

[2] The record belies Turner's assertion that the trial court awarded him 503 credits in Case No. BA454718 at the sentencing hearing. The transcripts of the hearing and the abstract of judgment, dated August 28, 2017, reflect that the court awarded Turner 213 days of credit in Case No. BA454718.

## C.   *Senate Bill 483*

On January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) became effective.  Senate Bill No. 483 added to the Penal Code section 1171.1 (now 1172.75), which provides:  "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid."  (§ 1172.75, subd. (a).)  The statute directs the Department of Corrections and Rehabilitation to identify "persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)"—i.e., a section 667.5, subdivision (b) enhancement—and to transmit the information to the sentencing court that imposed the enhancement.  (*Id.*, subd. (b).)  "Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).  If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (*Id.*, subd. (c).)  "[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

**D.     *Resentencing***

In 2023, the court placed Turner's case on calendar for resentencing pursuant to sections 1172.7, subdivision (a), and 1172.75, subdivision (a).  Turner filed a resentencing brief urging the court to dismiss the five-year enhancement imposed pursuant to section 667, subdivision (a)(1) in the interests of justice because the conviction was over five years old.[3]

At a hearing on the matter, the trial court informed the parties that the court had reviewed the petition and the contents of the court file, which included the transcript of sentencing, the abstracts of judgment, the minute orders, and the probation report, among other documents.  The court conducted a full resentencing, struck the invalid section 667.5, subdivision (b) enhancements that it had previously imposed and stayed, and then imposed the same sentence of ten years.  The court recognized that it had discretion to strike the three-year great bodily injury enhancement imposed pursuant to 12022.7, subdivision (a), and the five-year section 667, subdivision (a)(1) prior serious felony conviction enhancement, but determined that dismissal of either enhancement would endanger public safety, which outweighed the mitigating circumstances that the prior

---

[3] Turner also requested that, when sentencing pursuant to section 654, the court select a base count with a lesser sentence than count 1, which he believed the court had previously selected as the base term.  As the court pointed out in the resentencing hearing, Turner had not been sentenced pursuant to section 654 because the offenses were committed on separate occasions against different victims.  There was therefore no basis for selecting a different base term as requested.

conviction was greater than five years old and that multiple enhancements had been imposed. The court stated:

"The court finds specific deterrence is necessary and appropriate for this defendant. An earlier release by dismissing an enhancement would likely result in physical injury or serious danger to the public.

"Imposition of terms for each enhancement is appropriate based on the facts which support findings of violent conduct directed at separate victims. The defendant has a history for violence based on what is reflected in his criminal history. Although the prior conviction is greater than five years old, the defendant has subsequently been convicted of multiple offenses including four felony offenses and two misdemeanors. Two of the cases involve serious or violent assaultive conduct. Based on all of these circumstances, the court finds that dismissal of any enhancement would not be in the interest of justice." "The defendant's criminal record demonstrates he's a recidivist and will continue to commit crimes against persons." The court called the current offenses "egregious."

The court stated that Turner had 186 original presentence custody credits, plus 27 days of conduct credit for a total of 213 days, and that the Department of Corrections and Rehabilitation would calculate the post sentence conduct credits.

7

## DISCUSSION

### A.    *Five-Year Enhancement Pursuant to Section 667, Subdivision (a)(1)*

Turner first contends that the trial court abused its discretion by declining to strike a prior serious felony enhancement pursuant to section 667, subdivision (a)(1).  Turner asserts that the trial court was unaware of, and therefore failed to consider, his mental illness and its connection to the offenses. We reject the contention.

### 1.    <u>Legal Principles</u>

Section 1385 permits a trial court to dismiss an enhancement in the furtherance of justice.  (§ 1385, subd. (a).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)  As relevant here, mitigating circumstances include:  "[¶] (B) Multiple enhancements are alleged in a single case. . . .  ¶] . . . [¶] (D) The current offense is connected to mental illness.  [¶]  . . . [¶]

[or] (H) The enhancement is based on a prior conviction that is over five years old."  (§ 1385, subd. (c)(2).)

"For the purposes of subparagraph (D) of paragraph (2), a mental illness is a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder but excluding antisocial personality disorder, borderline personality disorder, and pedophilia.  A court may conclude that a defendant's mental illness was connected to the offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, statements by the defendant's mental health treatment provider, medical records, records or reports by qualified medical experts, or evidence that the defendant displayed symptoms consistent with the relevant mental disorder at or near the time of the offense, the court concludes that the defendant's mental illness substantially contributed to the defendant's involvement in the commission of the offense." (§ 1385, subd. (d).)

### 2. Proceedings

As pertinent here, counsel filed a resentencing brief that urged the court to conduct a full resentencing and strike the five-year prior serious felony conviction enhancement imposed pursuant to section 667, subdivision (a)(1).  The brief quoted section 1385, subdivision (c) and listed factors that a court must consider when determining whether to dismiss an enhancement. Turner asserted that dismissal of the enhancement would be in

9

the interests of justice pursuant to section 1385 because Turner's prior serious felony conviction was over five years old (§ 1385, subd. (c)(2)(D).

At the resentencing hearing, the trial court informed the parties that it had reviewed Turner's brief and the record, including the probation report. The probation report noted that Turner's mother stated Turner was diagnosed with schizophrenia and had suffered from bipolar disorder since age 13 and that his mental health disorders required medication. The report observed that Turner's "mental health condition renders him to be a threat to others." The report stated that Turner was not eligible or suitable for continued community-based supervision, but that "[a]t the state level, [Turner] may receive a mental health recommendation that would address his anger management impulse and allow for mental health determination and course of treatment."

### 3. Analysis

Turner concedes that counsel failed to raise the issue of his mental health at the resentencing hearing, but argues that he did not forfeit the issue because in his resentencing brief counsel quoted section 1385, subdivision (c), which lists mental illness among the factors that a court must consider under the statute, and because the probation report contained substantial evidence that Turner's bipolar disorder and schizophrenia were connected to his commission of the offenses. We conclude that Turner forfeited the issue because he failed to make any substantive argument regarding the connection between his mental health and his commission of the offense.

10

Regardless, any error would be harmless. As Turner himself argues, in the resentencing brief counsel cited the enumerated factors that the trial court must consider under amended section 1385, subdivision (c)(2). The record demonstrates that the trial court considered the brief and the probation report and made its determination based on its analysis under amended section 1385. The court stated it would not dismiss the enhancements because it concluded that dismissal would endanger public safety. Where, as here, the court finds that dismissal of an enhancement would likely result in physical injury or other serious danger to others, the court does not afford great weight to the factors listed in section 1385, subdivision (c)(2)(A)-(I). The court did not abuse its discretion by declining to dismiss the 667, subdivision (a)(1) enhancement. There is no basis for remanding the matter for resentencing.

## B. *Custody Credits*

### 1. <u>Legal Principles</u>

"A defendant is entitled to actual custody credit for 'all days of custody' . . . including partial days. (§ 2900.5, subd. (a); see *People v. Smith* (1989) 211 Cal.App.3d 523, 526.) Calculation of custody credit begins on the day of arrest and continues through the day of sentencing. (*People v. Bravo* (1990) 219 Cal.App.3d 729, 735.)" (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.)

Section 2900.5, subdivision (b) provides that "credit shall be given only where the custody to be credited is attributable to the proceedings related to the same conduct for which the defendant

has been convicted." A defendant is entitled to presentence confinement credit if the defendant can demonstrate that "the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485.) "A defendant must prove that the conduct which led to the conviction was a 'dispositive' or ' "but for" ' cause of the presentence custody. [Citation.]" (*Ibid.*) Generally, "when *concurrent* sentences are imposed at the same time, presentence custody is credited against all." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9.) However, a defendant cannot "receive credit for time spent in custody before the initial arrest in any given case." (*People v. Cofer* (2024) 103 Cal.App.5th 333, 342, rev. granted on another issue, Oct. 2, 2024, S286297; see also *People v. Bravo*, *supra*, 219 Cal.App.3d at p. 735 [actual custody credits include all days between arrest and sentencing].)

### 2. <u>Proceedings</u>

When Turner was originally sentenced following his plea of no contest in Case No. BA454718 in 2017, the trial court imposed a term of ten years in prison. The court then found that, having pled no contest to the crimes in Case No. BA454718, Turner had violated the terms of his probation in Case No. BA445945, and sentenced Turner to a concurrent term of four years in that case. The court awarded Turner 213 days of custody credit in Case No. BA454718. In Case No. BA445945, the court awarded Turner an additional 290 days of custody credit for a total of 503 custody credits.

When the court resentenced Turner in 2023, it again awarded Turner 213 days of custody credit in Case No. BA454718

12

and stated that the Department of Corrections and Rehabilitation would calculate the post sentence conduct credits. The court did not award Turner credit for his time in custody between the 2017 sentencing and the 2023 resentencing.

### 3.     Analysis

Turner contends, and the People concede, that the trial court erred in calculating custody credits in Case No. BA454718 because it (1) did not award Turner custody credits accrued between the 2017 sentencing hearing and the 2023 resentencing hearing (attributing the responsibility of calculating credit to the Department of Corrections and Rehabilitation), and (2) did not award Turner presentence credits accrued before sentencing in 2017 (omitting the 290 credits the court associated with Case No. BA445945).  We accept the People's concession as to the first contention only; Turner's second contention is without merit.

We agree with the parties that Turner is entitled to actual custody credits accrued between the 2017 sentencing hearing and the 2023 resentencing hearing, as Turner first contends.  It is well-established that "when a prison term already in progress is modified . . . the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."[4] (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)  Thus,

_____

[4] In contrast, at a defendant's initial sentencing, the court that imposes the sentence must calculate the number of days that the defendant has been in presentence custody, calculate good time credits pursuant to section 4019, and issue an abstract of

13

the task of calculating the number of actual days that Turner was in custody between his original sentencing on August 21, 2017, and his resentencing hearing on December 11, 2023, was not the responsibility of the Department of Corrections and Rehabilitation as the trial court indicated. We will remand for the trial court to determine the precise number of days Turner spent in custody and adjust his custody credits accordingly. (See *People v. Kennedy* (2012) 209 Cal.App.4th 385, 394 [remanding determination of custody credits because it "involves factual determinations more properly resolved [in the trial court]"].)

With respect to Turner's second contention, we agree with the parties that "a defendant who is simultaneously sentenced to concurrent terms in multiple open cases, where all presentence custody derives solely from those charges, is entitled to presentence custody credit toward all of those sentences." (*People v. Cofer, supra*, 103 Cal.App.5th at p. 342.) Turner is entitled to credit for the actual days he spent in custody from his arrest in the instant case on February 17, 2017, until his initial sentencing on August 21, 2017. As the trial court correctly calculated, Turner was in custody for 186 actual days. At a credit rate of 15 percent, Turner additionally earned 27 days of conduct credit for

---

judgment that reflects the total credits to which the defendant is entitled. (§ 2900.5, subd. (d); see also *People v. Buckhalter, supra*, 26 Cal.4th at p. 30.) Once the defendant is delivered to a designated state prison where the defendant will serve their sentence, "[t]he agency to which the defendant is committed, not the trial court, has the responsibility to calculate and apply any custody credits that have accrued between the imposition of sentence and physical delivery of the defendant to the agency." (*Id.* at p. 31.)

a total of 213 days of credit.[5]  However, Turner is not entitled to an additional 290 credits for the time he spent in presentence custody in Case No. BA454718.  Turner accrued the 290 days that the trial court awarded in Case No. BA445945 while in custody prior to being placed on probation in that case.  Those days cannot be attributed to this case, because a defendant cannot "receive credit for time spent in custody before the initial arrest in any given case." (*Ibid.*)  Once 213 days are added to the actual days between Turner's original sentencing on August 21, 2017, and his resentencing on December 11, 2023, all possible days for which the trial court should have awarded credit have been accounted for.

In light of our conclusion that the trial court did not err by failing to consider evidence of Turner's mental illness contained in the probation report, there is no basis for resentencing. (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 591 ["[t]he failure to properly calculate custody and conduct credit is a jurisdictional error that can be corrected at any time"].)  We remand the matter for the trial court to recalculate Turner's custody credit in conformance with this opinion and to issue a new minute order and abstract of judgment that reflect the correction.

---

[5] Fifteen percent of 186 days equals 27.9 days, however section 4019 prohibits " 'rounding up' " fractional days of conduct credit.  (*People v. Fares* (1993) 16 Cal.App.4th 954, 956, fn. 2.)

## DISPOSITION

The trial court's order is affirmed. The matter is remanded to the trial court with instructions to prepare an amended minute order and abstract of judgment in Case No. BA454718 that include the actual days Turner spent in the custody of the Department of Corrections and Rehabilitation between his initial sentencing on August 21, 2017, and his resentencing on December 11, 2023, in addition to the 213 days of presentence custody that the trial court already properly awarded. The clerk of the superior court shall transmit a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


                                                    MOOR, J.

WE CONCUR:


BAKER, Acting, P. J.


KIM (D.), J.

16